Please Close. Sw

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**E - FILED**

**MAY 1 9 2009**

JOHN T. OKARSKI,

                Plaintiff,

v.

                                   Case Number 01-10230-BC
                                   Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## MEMORANDUM ORDER DENYING PLAINTIFF'S
## MOTION FOR RELIEF FROM JUDGMENT

The plaintiff filed the present action on July 2, 2001 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3), who filed a report on October 3, 2003 recommending that the plaintiff's motion to remand be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. After conducting a *de novo* review, the Court adopted the report and recommendation, affirmed the Commissioner's decision, and dismissed the complaint.

The plaintiff filed a timely appeal *pro se*, during which he apparently underwent a psychiatric examination. An attorney appeared on his behalf and filed a motion in the court of appeals to remand the case for consideration of newly discovered evidence, which presumably was revealed by the examination. The court of appeals affirmed this Court's judgment on January 6, 2006, and on April 4, 2006 filed an order denying a motion for rehearing and to reset the briefing schedule. The court

addressed the request to remand by observing that such motions under Federal Rule of Civil Procedure 60(b) should be made to the district court in the first instance.

On July 13, 2006, the plaintiff filed the present motion under Rule 60(b) in this Court seeking relief from the judgment on the ground that newly discovered evidence of a mental impairment calls into question whether the Grid Rules could be employed properly to determine disability. The newly discovered evidence consists of a psychiatric report and rating decision prepared by the Department of Veterans Affairs on July 15, 2005 finding the plaintiff fifty percent impaired as a result of post-traumatic stress disorder that had its origins in the plaintiff's military service during the Vietnam war. Due to a clerical error, the motion was not presented to this Court for a decision until recently. Earlier, the defendant filed a response in opposition to the motion arguing that the motion was filed out of time, and it lacks merit.

The Court agrees with the government's first argument and therefore does not reach the second.

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which the district court may grant relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The plaintiff has not made reference in his motion to a specific subsection of the rule by number, but it is clear that he relies on the subsection (2) – newly discovered evidence. Rule 60 also states that a motion brought under paragraph (b) of the rule "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A litigant who asserts grounds that fall within subsections (1)-(3) may not style his motion as one under Rule 60(b)(4)-(6) to avoid the one-year limitations period of Rule 60(b)(1)-(3). *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 588 (6th Cir. 2004) ("We also must heed the requirement that parties cannot disguise Rule 60(b)(1)-(3) motions as 60(b)(4)-(6) motions. What in reality is a 60(b)(2) motion cannot be labeled as a 60(b)(5) motion to gain the benefits of a more generous limitations period."). Therefore, a motion for relief from judgment based on newly discovered evidence necessarily falls under subsection (2) of Rule 60(b), and it must be filed within one year after the judgment.

The judgment in this case was filed on November 12, 2004, and the plaintiff did not file his Rule 60(b) motion until July 28, 2006, well over a year later. However, the plaintiff argues that his motion is timely because it was filed within a year of the denial of his appeal on January 30, 2006, when this Court's judgment became final.

The decisional law does not support the plaintiff's argument. Several unpublished Sixth Circuit cases have held that "[t]he one year limit on motions under the first three clauses [of Rule 60(b)] runs from the date the judgment was entered in the district court," and "[t]he pendency of an appeal does not extend the one year limit." *Hughley v. Tennessee*, No. 93-6558, 1994 WL 112870, at *2 (6th Cir. Mar. 31, 1994) (citing Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 2866 (1973)); *accord Quality Tech. Co. v. Stone & Webster Eng'g Co.*, Nos. 92-5434,

92-5628, 1993 WL 375803, at *3 (6th Cir. Sept. 23, 1993) ("Even though the case was pending on appeal, the one-year time period for filing a motion under Rule 60(b) is not extended.") (citing *Goland v. CIA*, 607 F.2d 339, 372 (D.C. Cir. 1978)). Other circuits take the same position. *See Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) (stating that "an appeal does not toll or extend the one-year time limit of Rule 60(b)"); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (same); *Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989) (same); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (same); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) (same); *Egger v. Phillips*, 710 F.2d 292 (7th Cir. 1983), *overruled on other grounds by Feit v. Ward*, 886 F.2d 848 (7th Cir. 1989) (same); *Transit Casualty Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971)) (same); 8 Wright *et al.*, Fed. Practice & Proc. § 2866 at 390 n.17 (1995 ed. & 2008 Supp.) (stating that "pendency of appeal does not extend the one-year limit. . . .").

Because the plaintiff's motion is based on "newly discovered evidence" under Rule 60(b)(2), the motion must be filed within one year of judgment. Since it was not, the Court must deny it as untimely.

Accordingly, it is **ORDERED** that the plaintiff's motion for relief from judgment [dkt #47] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 19, 2009

-4-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2009.

s/Lisa M. Ware
LISA M. WARE